IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    Magistrate No. 04-4026M
                                                OPINION AND ORDER
            Plaintiff,

      vs.

JOHN W. WEST,

            Defendant.

_____

Karin Immergut
Unites States Attorney
District of Oregon
Douglas W. Fong
Assistant United States Attorney
310 W. 6th Street
Medford, Oregon 97501-2711
      Attorneys for plaintiff

Jennifer Crane
Davis, Hearn, Saladoff & Smith
515 East Main Street
Ashland, Oregon 97520
      Attorney for defendant

AIKEN, Judge:

      This is an appeal of a Magistrate Order and Judgment on CVB

violations F2119466 and F2119468. After a court hearing on
October 28, 2004, at which time evidence was submitted and
testimony taken, on November 1, 2004, Magistrate Judge Cooney
entered judgment against the defendant finding him guilty of
violating 36 C.F.R. § 261.9(a) (damaging property of the United
States), and 36 C.F.R. § 261.10(a)(maintaining a road on national
forest system land without authorization). Judge Cooney ordered
that defendant pay a fine in the amount of $250 for each
violation, for a total fine of $500. Judge Cooney further
ordered that defendant pay a special assessment of $10.00.

## JURISDICTION AND STANDARD OF REVIEW

This court maintains jurisdiction in this case pursuant to
Fed. R. Crim. P. 58(g)(2)(B). The standard of review is dictated
by Fed. R. Crim. P. 58(g)(2)(D), which states: "[t]he defendant
is not entitled to a trial de novo by a district judge. The
scope of the appeal is the same as in an appeal to the court of
appeals from a judgment entered by a district judge."

## FACTUAL BACKGROUND

The government issued two citations to the defendant for
violations of 36 C.F.R. § 261.9(a) (damaging property of the
United States), and 36 C.F.R. § 261.10(a) (maintaining a road on
national forest system lands without authorization). The
citations were issued to the defendant for plowing two roads on
Forest Service property - Roads 2510 and 2402. The defendant

plead "not guilty" to the charges. Defendant appeared pro se before Judge Cooney. Defendant argued first, he was not guilty of "damaging" government property because he did no damage to the roads; and second, he was not guilty of "unauthorized maintenance" of Forest Service roads because the roads at issue constitute R.S. 2477 rights-of-way for purposes of serving defendant's Mining Claim.

Defendant owns property known as the "Ferren Placer Mining Claim," located within the Siskiyou National Forest. Defendant alleges that the Mining Claim was filed in 1882, and was patented September 16, 1904. To access his Mining Claim, defendant uses Forest Service roads 2510 and 2402. On September 23, 2003, defendant was awarded a timber sale contract on National Forest land near the Mining Claim. Access to the timber sale land was along the same roads that defendant uses to access his Mining Claim. Defendant harvested timber pursuant to his sale contract until winter weather forced him to close down for the season.

On or about February 9, 2004, and again the first week in March 2004, defendant requested permission from the Forest Service to plow snow from Forest Service roads 2510 and 2402 to allow him access to his timber sale land. The Forest Service denied both requests due to "wet conditions."

In March 2004, defendant admitted that he plowed Roads 2402 and 2510 alleging he had a right to plow the road under R.S.

2477.  Also in March 2004, defendant entered into an Off Season Maintenance Agreement with the Forest Service, which was valid from March 15, 2004, to June 1, 2004, and was accompanied by an attached Snow Removal Permit.

The Forest Service timber administrator examined the Forest Service road that defendant plowed and observed gravel loss on parts of Road 2402.  On March 11, 2004, Engineering Technician A.J. Flores observed that someone had used a bulldozer to plow both roads at issue, causing road damage.  He observed tracks leading to the bulldozer and trailer, still parked in the area. Forest Service Civil Engineering Technicians Cindy Wedekind and Ron Silvera also examined the roads at issue and observed damage.

On April 2, 2004, the Forest Service District Ranger Pam Bode issued the two citations at issue.  These citations were based on the allegation that defendant damaged roads 2510 and 2402 during March 2004, by plowing these roads without a special use permit and scraping aggregate rock from the road surface in some areas.

<u>DISCUSSION</u>

1. Sufficient Evidence of Road Damage

The defendant asserts that the government failed to provide sufficient evidence of road damage caused by defendant's plowing. I disagree.  Two Civil Engineering Technicians observed the road at issue and testified that the road had been plowed, there were

berms on the side of the road containing a snow and rock mix, and aggregate rock had been removed from the surface of Road 2510. The government also presented photos of the road and the damage incurred.

Defendant relies on the testimony of road contractor David Garren who testified that damage to Road 2402 was pre-existing. The government acknowledged in its closing argument that its proof on the damage to Road 2402 "fell short." However, the defendant did not at trial, nor does he now contend that the damage to Road 2510 was pre-existing. Therefore, I find that the damage to Road 2510 remains unchallenged and supports the citation issued to the defendant.

2. Waiver Based on R.S. 2477

Next, the defendant asserts that he was not guilty of "unauthorized maintenance" because the roads at issue constitute R.S. 2477 rights-of-way for purposes of serving defendant's Mining Claim. Specifically, the defendant argues that pursuant to 36 C.F.R. § 261.10(a), it was the government's burden to prove that defendant "was not entitled to a waiver for routine maintenance within the scope of his R.S. 2477 claim." Defendant's Brief, p. 24. At the time defendant committed his offense, 36 C.F.R. § 261.10(a) provided: "The following are prohibited: (a) Constructing, placing, or maintaining any kind of road, trail, structure, fence, enclosure, communication

equipment, or other improvement on National Forest system land or facilities without a special-use authorization, contract, or approved operating plan." On August 17, 2004, that section was revised to read: "The following are prohibited: "Constructing, placing or maintaining any kind of road, trail, structure, fence, enclosure, communications equipment, or other improvement on National Forest System lands or facilities without a special use authorization, contract, or approved operating plan, <u>unless such authorization, contract, or operating plan is waived pursuant to § 251.50(e) of this chapter.</u>" (emphasis added).

Section § 251.50(e) was also added and states as follows: "(e) For proposed uses other than a noncommercial group use, a special use authorization is not required if, based upon review of a proposal, the authorized officer determines that the proposed use has one or more of the following characteristics: (3) The proposed use is not situated in a congressionally designated wilderness area, and is a routine operation or maintenance activity within the scope of a statutory right-of-way for a highway pursuant to R.S. 2477 or for a ditch or canal pursuant to R.S. 2339, or the proposed use is routine operation or maintenance activity within the express scope of a documented linear right-of-way." (emphasis added, internal citations omitted). I note that these revisions were effective August 17, 2004, and were not in effect when defendant committed his March

2004 offense. However, even if the court were to consider the newly revised regulations, I note that the defendant's "proposed use," to plow the roads under his timber contract was denied twice. There is no evidence in the record that defendant ever "proposed" plowing the roads in order to access his Mining Claim. The newly revised regulations require that defendant present a proposal and that a waiver must actually be granted by an "authorized officer." There is no dispute that defendant was denied permission or a waiver by the Forest Service to plow the road. The defendant simply plowed the road at issue without regard to the Forest Service regulations, including the revised process for obtaining a permit waiver.

Regarding defendant's argument that he had an R.S. 2477 easement over Forest Service Roads 2510 and 2402, defendant failed to "factually establish" the existence of a valid R.S. 2477 road. See Adams v. United States, 3 F.3d 1254, 1258 (9th Cir. 1993). Any doubt as to the existence or scope of an R.S. 2477 road must be resolved in favor of the government. Id. (internal citations omitted). I find no evidence in the trial record that Forest Service roads 2510 and 2402 existed in their current location before October 5, 1906. Id.; see also, Fitzgerald v. United States, 932 F. Supp. 1195, 1201 (D. Ariz. 1996)(to establish an R.S. 2477 easement, defendant must show that the roads in question were built before the surrounding land

was reserved for a National Forest). However, even if this court were to determine that defendant had met his burden here, R.S. 2477 public roads are subject to reasonable regulation by the Forest Service. Adams v. United States, 255 F.3d 787, 794-96 (9th Cir. 2001)(landowner could use forest service road the same as the public, but must obtain special use authorization to maintain the road). I find that the Forest Service's regulations constitute a "reasonable regulation" of these public roads.

Defendant also argues that there is insufficient proof that he actually plowed the roads at issue. Defendant's Brief, p. 28. I disagree. Defendant stipulated that he plowed Roads 2510 and 2402 during the first week in March 2004, tr. 7, and that he did not have permission from the Forest Service to do so. Tr. 8. Further, the defendant admitted the government's statement of facts (except for the fact that he apologized to the district ranger). Tr. 12. Defendant also admitted that he plowed the road without permission to both Phillips, the Forest Service timber sale administrator, and to District Ranger Bode. Tr. 53.

Regarding defendant's "Off Season Maintenance Agreement," and his allegation that he was authorized to plow the roads pursuant to this Agreement, I disagree. The record reflects that Civil Engineering Technician Flores observed the damage to Road 2510 on March 11, 2004, prior to defendant's March 16, 2004 Agreement. Tr. 15-16. Moreover, photographs 2A, 2B, 2C, 3A, 3B

Page 8 - OPINION AND ORDER

and 3C showing the damage to the road were all taken on March 11, 2004. Tr. 19, ex. 2A, 2B, 2C, 3A, 3B and 3C. Only photograph 2D was taken on April 1, 2004.

Finally, I find no evidence supporting defendant's argument that Judge Cooney prohibited the defendant from introducing evidence relevant to his R.S. 2477 claim. Judge Cooney correctly noted that the provisions surrounding R.S. 2477 roads and the National Forest Transfer Act of 1905 will be "judicially noticed," and would be a matter of a legal opinion for the court to decide. Tr. 60-62. Judge Cooney further noted that these matters are not relevant to any opinion or knowledge witness Pam Bode may have had on this issue. Id. Judge Cooney's ruling in no way prohibited defendant from presenting factual evidence on this issue.

                              CONCLUSION

Defendant's appeal is denied. Magistrate Judge Cooney's order and judgment are affirmed. This case is dismissed.

IT IS SO ORDERED.

Dated this _8_ day of May 2005.


                                   _____
                                        Ann Aiken
                                   United States District Judge